# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JOHN R. TOEDTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-08-210 RRC |
| | ) | |
| TURNPOINT MEDICAL DEVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: February 6, 2019
Decided:  February 13, 2019

On Defendant TurnPoint Medical Devices, Inc.'s Motion for Reargument.
**DENIED.**

## ORDER

Theodore A. Kittila, Esquire, and James G. McMillan, III, Esquire, Halloran Farkas + Kittila, LLP, Wilmington, Delaware, Attorneys for Plaintiff.

Sharon Oras Morgan, Esquire, and Courtney A. Emerson, Esquire, Fox Rothschild LLP, Wilmington, Delaware, Attorneys for Defendant.

COOCH, R.J.

This 13th day of February, 2019, upon consideration of Defendant's Motion for Reargument it appears to the Court that:

1. The parties in this matter filed Cross Motions for Summary Judgment, asserting that there were no disputes of material facts and that each was entitled to a judgment as a matter of law. Pursuant to Superior Court Civil Rule 56(h), the Court treated the cross motions for summary judgment "to be the equivalent of a stipulation for decision on the

1

merits[.]"[1] Immaterial factual disputes would not preclude a decision.[2] Under this Rule 56(h) procedural framework, the Court proceeded to "a decision on the merits [of the case] based on the record submitted with the motions."[3] By decision dated January 23, 2019, the Court determined that Defendant breached a valid employment agreement when Defendant's Board of Directors attempted to void Plaintiff's employment agreement. The Court found that because of Defendant's breach, Defendant owed Plaintiff $250,900 based on the employment agreement's severance provisions. Furthermore, the Court found that Plaintiff established he could alternatively recover the sum owed under the doctrine of promissory estoppel.

2. On January 30, 2019, Defendant filed a timely Motion for Reargument of the Court's January 23 decision pursuant to Rule 59(e). Plaintiff filed a timely response pursuant to Rule 59(e). Defendant argues that the Court misapprehended the law as to the question of delegation. Defendant further contends that Court misapprehended various facts that were material to the disposition of the issues of delegation, fairness, and promissory estoppel. Plaintiff countered that the Court's analysis of the law was supported by case law, and that all factual findings were supported by the record on summary judgment.

3. A motion for reargument is governed by Rule 59(e).[4] A motion for reargument will be denied unless "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[5] "A motion for reargument is not intended to rehash the arguments already decided by the court."[6]

4. Defendant's contention that the Court misapprehended certain aspects of the law is unavailing. Defendant maintains that Delaware law does not allow the delegation which occurred in this case. Defendant

---

[1] Super. Ct. Civ. R. 56(h).
[2] *See Brzoska v. Olson*, 668 A.2d 1355, 1365 (Del. 1995) (citing *State Farm Mut. Auto. Co. v. Mundorf*, 659 A.2d 215, 217 (Del. 1995)).
[3] Super. Ct. Civ. R. 56(h).
[4] Super. Ct. Civ. R. 59(e).
[5] *Kennedy v. Invacore, Inc.*, 2006 WL 488590, at *1 (Del. Super. Ct. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003)).
[6] *State v. Trump*, 2004 WL 2827958, at *1 (Del. Super. Ct. Aug. 31, 2004).

previously presented this argument in its motion for summary judgment. Its consideration would be an improper rehash of an argument already decided upon. Rehash notwithstanding, Defendant does not provide the Court with an overlooked controlling precedent or legal principles which support Defendant's assertion. Nor does Defendant demonstrate that the Court misapprehended the law such that the outcome of the underlying decision would have changed. Instead, Defendant demonstrates that it disagrees with the Court's conclusions of law which were unfavorable to Defendant's position. This disagreement does not warrant reargument.

5. Defendant's contention that the Court misapprehended certain facts critical to a disposition is likewise unavailing. Defendant has continuously advocated for its own unique interpretation of the facts of this case throughout the underlying proceedings. After diligent review of the record on summary judgment, the Court rejected a fair portion of Defendant's interpretation of the record. Reargument would only serve to rehash arguments already decided.

6. Defendant's arguments in the instant motion for reargument were previously presented to the Court in its cross motion for summary judgment, and rejected. Defendant does not provide a controlling precedent or legal principle, that the Court overlooked, which would warrant reargument. Further, Defendant does not demonstrate a misapprehension of the law or the facts which would have changed the outcome of the underlying decision, and thus warrant reargument.

Therefore, for the foregoing reasons, Defendant's Motion for Reargument is hereby **DENIED**.

**IT IS SO ORDERED.**

Richard R. Cooch, R.J.

cc:     Prothonotary

3